UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender:  Dack Patrick Daugherty           Case Number: 4:07CR00387 ERW

Name of Sentencing Judicial Officer: The Honorable E. Richard Webber
                                     Senior United States District Judge

Date of Original Sentence: January 16, 2008

Original Offense: Ct. 1: Conspiracy to Commit Bank Fraud, Ct. 2: Engaging in a Monetary Transaction in Property Derived From Unlawful Activity

Original Sentence: 44 months imprisonment and 36 months supervised release, both counts to run concurrently

Type of Supervision: Supervised Release          Date Supervision Commenced: April 7, 2011
                                                 Expiration Date: April 6, 2014

Assistant U.S. Attorney: Thomas A. Albus           Defense Attorney: Adam Fein

PETITIONING THE COURT

[X]    To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number**

General Condition: The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance**

On February 12, 2014, Daugherty appeared before the Honorable United States District Judge John R. Ross, consented to a waiver of indictment, and entered a plea of guilty to one count of Wire Fraud. The new charge is Docket Number 4:14CR000031 CDP. Sentencing for this case is scheduled for May 13, 2014.

As the Court was previously advised in the Probation Form 12A dated August 12, 2013, the Missouri Department of Revenue (DOR) opened a criminal investigation into Daugherty relative to a consumer complaint made about Daugherty to that agency. This DOR investigation culminated in the aforementioned new criminal charges. According to Court documents, between September 18, 2012 and

April 2, 2013, Daugherty fraudulently rolled back the odometers of nine vehicles which he sold to consumers via the website www.craigslist.com.  In doing so, Daugherty caused consumers to pay more for the vehicles than they otherwise would.

On June 29, 2011, Daugherty was arrested by the St. Louis Metropolitan Police Department relative to charges of Receiving Stolen Property.  According to the police report received, Daugherty was observed in a parking lot of an auto repair shop trying to sell appliances that were previously reported stolen.  According to the police report, Daugherty admitted to officers that he had purchased the items from a friend and admitted that he knew the appliances were "probably" stolen.  No charges were filed in connection with this arrest.

**Violation Number**

Standard Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Nature of Noncompliance**

On July 2, 2014, Daugherty sent a text message to the probation officer stating that he had submitted a $150 restitution payment.  However, on July 16, 2013 during a home visit, he admitted that he had not sent any payment and that the message was untruthful.

**Violation Number**

Standard Condition #9: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Beginning in the month of August, 2012, Daugherty reported employment with Jim's Services, a car dealership.  In July, 2013, the probation office was contacted by an agent of the DOR relative to an investigation of possible improper or unlawful practices by the dealership and/or Daugherty.  In the course of this investigation, it was revealed that Daugherty's employer is the father of a criminal associate of Daugherty's. The probation officer also believes, based upon a public records search, that the employer is also a person convicted of a felony.  Daugherty did not report these associations to the probation officer. During a July 16, 2013, home visit, Daugherty admitted to knowing the associate, determined to be David Lampson, from their time of incarceration in the Residential Re-Entry Center, and obtaining work through his referral to his father, but denied a formal association.

**Violation Number**

Standard Condition #12: The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

**Nature of Noncompliance**

Reference is made to the 2011 incident, reported in the Probation Form 12A dated August 1, 2011, in which Daugherty was arrested relative to a charge of Receiving Stolen Property.  In the course of investigating this offense, U.S. Probation Officer Jennifer J. Becking interviewed Daugherty about this arrest.  When interviewed, Daugherty stated that the police were no longer interested in his involvement relative to this offense because they believed him.  However, Daugherty stated that the police wanted him to help them identify and arrest the people responsible for the burglaries of the items Daugherty possessed at the time of the arrest.  He stated that he was cooperating with law enforcement until his attorney became involved and told him that he cannot do so without the permission of the Court.  At that time, Daugherty denied knowing this was a violation of his supervision.

**Violation Number**

Special Condition: (Modified December 9, 2011)

The defendant shall pay restitution in the amount of $50 per month, beginning in December 2011.

**Nature of Noncompliance**

Daugherty did not make restitution payments during the months of August, September, November, and December, 2012, and March, April, May or June 2013.  To date, Daugherty has paid a total of $1,943.67 including payment of the Special Assessment ordered at sentencing. The outstanding balance owed is $514,020.51.  The restitution ordered is joint and several with co-defendants in the instant offense.

**Violation Number**

Special Condition #2: The defendant shall participate in a drug or alcohol abuse treatment program approved by the U.S. Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, Residential Re-Entry Center, or inpatient treatment in a treatment center or hospital.  The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

**Nature of Noncompliance**

Daugherty failed to report for random urinalysis testing on January 9, 2014 and November 20, 2013.

Daugherty was confronted after each of these violations.  He stated that he had forgotten to call the testing system or was distracted by things going on in his life and as a result forgot to call and report.

Daugherty failed to report for urinalysis testing on April 30, and July 18, 2011.  He failed to attend outpatient substance abuse counseling on June 9, 2011.

**Violation Number**

Special Condition #4: The defendant shall participate in a mental health program approved by the United States Probation Office. The defendant shall pay for the costs associated with the services provided based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

**Nature of Noncompliance**

Daugherty failed to make contact with the mental health provider as directed on April 15, 2011 until confronted by U.S. Probation Officer Jennifer J. Becking on July 29, 2011. At the time, Daugherty stated that he was confused about having separate treatment referrals for substance abuse and mental health counseling.

**Previous Violations**

On August 1, 2011, the Court was notified of the following violations: Daugherty was arrested for the charge of Receiving Stolen Property, and admitted that he had begun to cooperate with law enforcement without the Court's permission. Daugherty failed to report for random urinalysis tests on April 30 and July 18, 2011. Daugherty failed to report for outpatient substance abuse counseling on June 9, 2011. Daugherty failed to engage in mental health counseling based on the April 15, 2011 referral. Daugherty failed to make restitution payments as directed. In response, Daugherty received a verbal reprimand and counseling, his conditions of supervision were reviewed, and his supervision obligations were clarified by the probation officer. With the exception of the restitution violation, the above violations are included in the above petition, as no Court action was requested at the time of the violations.

On December 9, 2011, the Court was notified of the following violations: Daugherty failed to submit a truthful and complete written monthly report form disclosing the nature of his employment activity to the probation officer. Daugherty failed to report for urinalysis testing on August 10 and November 11, 2011. Daugherty failed to pay restitution as ordered by the Court, failing to pay from his April 7, 2011 release from custody through August 17, 2011 and again failed to pay for the months of September and October, 2011. In response, Daugherty's special conditions of supervision were modified to require him to pay restitution in the amount of a minimum of $50 per month, beginning December, 2011. These violations are not included in the above petition, because the recommended Court action was taken in response to the violations.

On August 6, 2012, the Court was notified of the following violations: Daugherty failed to follow the instructions of the probation officer in that he did not turn himself in relative to a "wanted person" notice issued by the St. Louis Metropolitan Police relative to a charge of Property Damage- Second Degree, and an ex-parte order of protection issued by his ex-girlfriend. On May 21, 2012, Daugherty admitted to the use of alcohol in violation of the condition that he abstain from alcohol use. Daugherty failed to report for random urinalysis testing on May 10, June 20, and July 13, 2012. In response, Daugherty's special conditions were modified to require him to participate in Location Monitoring for a term not to exceed six months, and the special condition for search was also added. These violations are not included in the above petition, because the recommended Court action was taken in response to the violations.

On August 12, 2013, the Court was notified that Daugherty failed to answer truthfully all inquiries of the probation officer. Daugherty associated with a person convicted of a felony without permission of the probation officer. Daugherty failed to make restitution payments for the months of August, September, November and December, 2012 and March, April, May or June, 2013. In response to these violations, Daugherty was referred to the Moral Reconation Therapy (MRT) program. The above violations are included above in the body of the petition because no Court Action was previously taken relative to these violations.

On October 25, 2013, the Court was notified that Daugherty left the judicial district without permission of the probation officer. The Court was notified that Daugherty failed to answer truthfully the inquiries of the probation officer. Daugherty was found to be associating with a person convicted of a felony without the permission of the probation officer. Daugherty failed to report for random urinalysis testing on October 8, 2013 and failed to call the testing phone system as required. Daugherty's noncompliance was addressed through continued MRT, and in addition, the Court imposed a modification for addition of the special condition for location monitoring, for a term not to exceed six months. These violations are not included in the above petition, because the recommended Court action was taken in response to the violations.

Dack Patrick Daugherty
4:07CR00387 ERW

**U.S. Probation Officer Recommendation:**

Daugherty has committed a new law violation for fraud while serving a term of supervised release for a crime of financial fraud.  He has incurred multiple violations of the standard and special conditions of supervision.  On three occasions, the Court modified the Special Conditions to adjust or enhance Daugherty's conditions of supervision to afford him assistance in complying with the requirements of supervised release.  Daugherty's new criminal conduct indicates that he presents a risk of ongoing fraud to the community.  His noncompliance suggests that he is not amenable to community supervision at this time.  It is respectfully recommended that the Supervised Release should be revoked.

[X]  revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2014

Approved,                               Respectfully submitted,

by  *Jo C. Cooper*                       by  *Julia K. Roberts*

Jo C. Cooper                            Julia K. Roberts
Supervising U.S. Probation Officer      U.S. Probation Officer
Date: February 14, 2014                 Date: February 14, 2014

THE COURT ORDERS:
☐   No Action
☒   The Issuance of a Warrant
☐   The Issuance of a Summons
        Appearance Date:
        Appearance Time:
        Courtroom Number:
☐   Other

*E. Richard Webber*

Signature of Judicial Officer
February 14, 2014

Date